### UNITED STATES v. DON KEE.

(District Court, N. D. California. December 21, 1911.)

1. INTERNAL REVENUE (§ 40*)—OFFENSES—POSSESSING UNDESTROYED STAMPS.
  Under Act Cong. Oct. 1, 1890, c. 1244, § 39, 26 Stat. 621, making existing laws governing revenue stamps relating to tobacco and snuff applicable to stamps relating to opium, and under Rev. St. § 3376 (U. S. Comp. St. 1901, p. 2207), providing that whenever any stamped box is emptied the stamps thereon shall be destroyed by the person in whose hands the same may be, an indictment charging accused with having in his possession an opium tin bearing an undestroyed revenue stamp is insufficient, where it fails to show that accused emptied the tin or had it in his possession when it was emptied.

  [Ed. Note.—For other cases, see Internal Revenue, Cent. Dig. §§ 106, 142; Dec. Dig. § 40.*]

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

**2. INTERNAL REVENUE (§ 47*)—OFFENSES—REFILLING OPIUM TIN BEARING UNEFFACED REVENUE STAMP—INDICTMENT—SUFFICIENCY.**

An indictment under Act Cong. Oct. 1, 1890, c. 1244, § 39, 26 Stat. 621, and Rev. St. § 3376 (U. S. Comp. St. 1901, p. 2207), for refilling an opium tin bearing an uneffaced revenue stamp, was insufficient, where it failed to show when and where the tin was refilled, though it was alleged that at a specified time and place accused had possession of the tin; it being grammatically impossible to connect such possession and refilling as to time and place.

[Ed. Note.—For other cases, see Internal Revenue, Cent. Dig. § 147; Dec. Dig. § 47.*]

**3. INTERNAL REVENUE (§ 40*)—OFFENSES—REFILLING OPIUM TIN BEARING UNEFFACED REVENUE STAMP.**

Under Act Cong. Oct. 1, 1890, c. 1244, § 39, 26 Stat. 621, making existing laws governing revenue stamps relating to tobacco and snuff applicable to stamps relating to opium, and under Rev. St. § 3376 (U. S. Comp. St. 1901, p. 2207), making it an offense to put snuff or tobacco into a stamped box that has been emptied, refilling of an opium tin is an indictable offense.

[Ed. Note.—For other cases, see Internal Revenue, Dec. Dig. § 40.*]

Don Kee, having been indicted for an offense, demurs to the indictment. Demurrer sustained.

Robert T. Devlin, U. S. Atty., and Earl H. Pier, Asst. U. S. Atty Black & Clark and B. L. Cadwalader, for defendant.

DIETRICH, District Judge. [1] The indictment embraces two counts, in the first of which the defendant is charged with having in his possession a five-tael opium tin, bearing an undestroyed revenue stamp, and in the second the charge apparently is that of having refilled such tin with opium prepared for smoking. By section 39 of an act of October 1, 1890 (26 Stat. 621), as amended in 1897, it is declared:

"That the provisions of existing laws governing the engraving, issue, sale, accountability, effacement, cancellation, and destruction of stamps relating to tobacco and snuff, as far as applicable, are hereby made to apply to stamps provided for by the preceding section."

The first count is based upon this statute and the first sentence of section 3376 of the Revised Statutes (U. S. Comp. St. 1901, p. 2207), by which it is provided that:

"Whenever any stamped box, bag, wrapper, or envelope of any kind, containing tobacco or snuff, is emptied, the stamp or stamps thereon shall be destroyed by the person in whose hands the same may be."

In substance the charge is that on the 19th day of December, 1910, in the county of San Francisco, state of California, the defendant had in his possession an empty five-tael opium tin, the stamp on which he willfully and unlawfully neglected and refused to destroy. It is not averred in the indictment, nor is it now contended, that the defendant himself emptied the tin, or that he had possession of the same at the time it was emptied. The theory of the government appears to be that the duty rests upon any one having possession of an opium tin to destroy the stamp thereon, regardless of the question when it may have come into his possession; but in such a view I am unable

to concur. Apparently counsel have inadvertently fallen into the error of reading into the law the word "empty" in place of the word "emptied," for, as quoted in the brief for the government, the statute is made to read "empty," and apparently the entire argument rests upon such erroneous reading. It will be observed, however, that the duty of destroying the stamp is imposed only upon the person in whose hands the tin may be at the time it "is emptied." A different offense is defined by the following sentence of the section, by which it is provided, among other things, that every person who "accepts from another any such empty stamped" tin shall be punished in the manner therein provided; but the averments of this count do not amount to a charge that the defendant accepted or received the tin from another person. It is therefore held that the facts stated are insufficient to constitute a public offense.

[2] Passing to a consideration of the second count, it is to be inferred from the briefs that counsel upon both sides assume that the offense which the grand jury intended to charge is that of refilling an opium tin bearing an uneffaced revenue stamp; but, if such be the case, the intention is not very clearly expressed. The charge in full is as follows:

"Don Kee, late of the state and northern district of California, heretofore, to wit, on the 19th day of December, in the year of our Lord 1910, at the city and county of San Francisco, state and district aforesaid, then and there being, then and there willfully, and unlawfully did knowingly have in his hands one five-tael tin of opium which had formerly contained prepared smoking opium imported into the United States, which said five-tael tin then and there bore the United States customs duties stamp denoting the amount of customs duty on said opium; that said United States customs duties stamp had not been destroyed; that the said opium originally contained in said five-tael tin, upon which the duties represented by said United States customs stamp had been paid, had been removed from said tin; and that subsequent to the removal thereof the said Don Kee had unlawfully, willfully, and knowingly refilled said five-tael opium tin with smoking opium and opium prepared for smoking."

It will be observed that in what appears to be the substantive part it is set forth that the defendant, at a certain time and place, did "willfully, unlawfully, and knowingly have in his hands one five-tael tin of opium imported," etc. Thus far the charge is similar to that embraced in the first count; but at the end of the paragraph there is appended the statement that, after the tin had been emptied of the opium originally contained therein, the defendant "had unlawfully, willfully, and knowingly refilled said five-tael opium tin with smoking opium and opium prepared for smoking." If refilling the tin is assumed to be the offense intended to be charged, it will readily be seen upon an analysis of the language that the count is fatally defective, in that there is no averment of either the time when or the place where the crime was committed. As already stated, there is an allegation of the time and place when and where defendant had possession of the tin, but it is grammatically impossible to connect the time and place so averred with the act of refilling the tin; for it will be noted that while the defendant had possession of the refilled tin in San Francisco on the 19th day of December, 1910, it is expressly al-

leged that at some time prior thereto the opium originally contained therein had been removed, and that subsequently the defendant, at some time and place not alleged, "had unlawfully, willfully, and knowingly refilled said five-tael opium tin," etc.

[3] A further objection urged against this count is the general proposition that the refilling of an opium tin is not under any circumstances an indictable offense. By the latter part of section 3376 of the Revised Statutes the putting of snuff or tobacco into a stamped box or other receptacle that has been emptied wholly or in part is declared to be a crime, and the only question is whether this provision is made applicable to opium by section 39 of the act of October 1, 1890, quoted supra. In view of the general rule requiring a strict construction of criminal statutes, the point is not entirely free from doubt; but as was said by Mr. Justice White, in delivering the opinion of the court in United States v. Corbett, 215 U. S. 233, 30 Sup. Ct. 81, 54 L. Ed. 173:

"The rule of strict construction does not require that the narrowest technical meaning be given to the words employed in a criminal statute in disregard of their context and in frustration of the obvious legislative intent."

The gist of the offense attempted to be charged here is not merely the putting of opium into a certain tin, but the using of an improperly stamped tin as a receptacle for opium, so that primarily the misconduct complained of involves an illegal use of the stamp upon the tin rather than an illegal use of the tin itself. In that view the charge has to do with the effacement or destruction of stamps, and is fairly within the terms of section 39 of the act of 1890. If the refilling of a tin bearing an undestroyed stamp is not an offense, by parity of reasoning it must be held that the buying or selling of such a tin would also fall short of being an offense, and consequently in such a view the provisions of section 39 would have little meaning or force. It is concluded that the objection that the refilling of an opium tin is not an indictable offense is not well taken; but for the other defects referred to the demurrer must be sustained, and an order will therefore be entered sustaining the demurrer to each count.

I am not advised whether the defendant is in custody or is at large on bail; but such order will be entered as may be necessary to assure the presence of the defendant in case the district attorney desires to resubmit the case to the grand jury.